**COBB, Plaintiff-Appellee, v. COBB, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5729.    Decided December 2, 1957.

King & Gross, Columbus, for plaintiff-appellee.
Henry A. Reinhard, Columbus, for defendant-appellant.

### OPINION

By THE COURT.

This is an appeal on questions of law from the decree of the Franklin County Common Pleas Court, Division of Domestic Relations, entered June 6, 1957, and in which the motion for a new trial was overruled June 25, 1957.

By the divorce decree, James J. Cobb, defendant-appellant, herein called defendant, was found guilty of gross neglect of duty and extreme cruelty, and that Ruth P. Cobb, plaintiff-appellee, herein called plaintiff, was not guilty either of gross neglect of duty or extreme cruelty. The Divorce Court granted Mrs. Cobb's petition for divorce and dismissed Cobb's cross-petition, awarded custody of the four minor children to the mother and ordered the father to pay Sixty-five ($65) Dollars a week as support money.

Cobb, on June 25, 1957, the day his motion for a new trial was journalized, filed his notice of appeal to this court. The appeal then was on "questions of law and also on questions of law and fact." As of July 2, 1957, this court approved orders fixing bond in the amount of One Hundred ($100) Dollars, each, for an appeal bond and also supersedeas bond and the court also at the same time stayed the order of the Divorce Court pending the appeal.

On June 29, 1957, Mrs. Cobb filed two motions, one for an allowance to her of Four Hundred ($400) Dollars for expense for counsel fees and the other to increase the bond to Two Thousand ($2,000) Dollars to stay execution of the orders of the Divorce Court. This court in a per curiam decision dated August 12, 1957 allowed Mrs. Cobb One Hundred Fifty ($150) Dollars as expense money for counsel fees with the right to ask for more later, if needed, and in the same decision, concurred in by all three members of the court, ordered that the bond given to stay execu-

tion of the decree of the Divorce Court be increased to Fifteen Hundred ($1500) Dollars, "which order is to be complied with within five (5) days after the filing of this entry." This order which should have been complied with by or before September 1, 1957, has not been complied with and evidence has been presented showing that Cobb, though holding a well-paid job, is many weeks in arrears in his payments.

On August 6, 1957, Cobb filed a motion to reduce the payments from Sixty-five ($65) Dollars per week to Forty-five ($45) Dollars per week which motion was overruled in an opinion rendered September 6, 1957 and entered on the journal September 10, 1957. Mrs. Cobb on August 9, 1957 moved to dismiss the appeal on law and fact and retain it on law only, which motion was sustained in an opinion rendered August 28, 1957, and entered on the journal September 10, 1957. **78 Abs 229.**

We come now to Mrs. Cobb's motion filed October 2, 1957 for an order dismissing the appeal for the reason that Cobb had failed to pay the expense allowance of One Hundred Fifty ($150) Dollars and also had failed to furnish the increased bond of Fifteen Hundred ($1500) previously ordered by this court. Five days after the above motion was filed, on October 7, 1957, counsel for Cobb filed a memorandum saying the expense money will be forthcoming in thirty days and saying nothing about the Fifteen Hundred ($1500) Dollar bond ordered to be posted within five days from August 26, 1957.

Approximately two months have elapsed without compliance and without any explanation or excuse. The motion to dismiss is sustained and judgment of the court below is affirmed and the cause remanded there for enforcement of the terms of the divorce decree.

PETREE, PJ, BRYANT and MILLER, JJ, concur.